# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5236-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

S.G.,

      Defendant,

and

C.S.,

      Defendant-Appellant.

_____

IN THE MATTER OF
THE GUARDIANSHIP
OF I.S. and J.G.,

      Minors.

_____

      Submitted December 4, 2019 – Decided December 11, 2019

      Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FG-18-0113-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert W. Ratish, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Lea Christine De Guilo, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Danielle Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendant C.S.[1] is the biological father of two children, I.S.,[2] born in 2013, and J.G., born in 2015. Defendant appeals from the June 27, 2018 judgment of guardianship terminating his parental rights to the two children.[3] Defendant contends that the Division of Child Protection and Permanency

---

[1] We refer to the parties and the children by initials to protect their privacy. R. 1:38-3(d)(12).

[2] I.S.'s name was changed to E.I.S. when her birth certificate was amended in 2015.

[3] The judgment also terminated the parental rights of the children's biological mother, S.G., who voluntarily surrendered her parental rights. S.G. has not appealed the trial court's decision to terminate her parental rights.

(Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition strongly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Kimarie Rahill in her thorough written opinion rendered on June 27, 2018.

We will not recite in detail the history of the Division's interactions with defendant and the children. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Rahill's decision. We add the following brief comments.

The guardianship petition was tried before Judge Rahill over a period of nine days. The Division presented overwhelming evidence of defendant's parental unfitness and established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In her thoughtful opinion, Judge Rahill concluded that termination of defendant's parental rights was in the children's best interests, and fully explained the basis for each of her determinations. In this appeal, our review of the judge's decision is limited. We

3

defer to her expertise as a Family Part judge, <u>Cesare v. Cesare</u>, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007) (citing <u>In re Guardianship of J.T.</u>, 269 N.J. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge Rahill's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION